COMMERET v BOARD OF EDUCATION OF THE JENISON
PUBLIC SCHOOLS

1. SCHOOLS AND SCHOOL DISTRICTS—PROBATIONARY TEACHERS—SATIS-
FACTORY PERFORMANCE—WRITTEN STATEMENT—STATUTES.

A probationary teacher is to be provided a written statement
from the school board at least 60 days before the close of each
school year as to whether or not the teacher's work has been
satisfactory; failure to provide such a statement is considered
as conclusive evidence that the teacher's work is satisfactory
(MCLA 38.83; MSA 15.1983).

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE ACT—PROBA-
TIONARY TEACHERS—SATISFACTORY PERFORMANCE—WRITTEN
STATEMENT—NATURE OF STATEMENT—STATUTES.

The requirement in the teacher tenure act that a probationary
teacher be given a definite written statement from the school
board as to whether the teacher's work was satisfactory is an
indication of the nature of the required statement rather than
a requirement for exact wording; therefore, a statement which
conveys the unmistakable message to a probationary teacher
that her work is unsatisfactory but does not contain the term
"unsatisfactory" meets the requirement (MCLA 38.83; MSA
15.1983).

Appeal from Ottawa, James E. Townsend, J.
Submitted February 3, 1977, at Lansing. (Docket
No. 27581.) Decided April 19, 1977.

Complaint by Deanne Commeret against the
Board of Education of the Jenison Public Schools
for a writ of mandamus to compel defendant to
tender to plaintiff a full-time tenure teaching con-
tract for the 1974–1975 school year. Judgment for
defendant. Plaintiff appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Schools §§ 152, 153, 169.

*Foster, Swift & Collins, P. C.* (by *Lynwood E. Beekman* and *Karen Bush Schneider),* for plaintiff.

*Thrun, Maatsch & Nordberg* (by *Joe D. Mosier),* for defendant.

Before: D. C. RILEY, P. J., and T. M. BURNS and BEASLEY, JJ.

BEASLEY, J. Plaintiff, a probationary school teacher, was employed by defendant, Board of Education of the Jenison Public Schools, for the school years 1972–1973 and 1973–1974.

On March 26, 1974, the school board met in executive session and considered whether plaintiff should be granted tenure status. In accord with the recommendation of the school principal where plaintiff was employed, the school board decided to deny plaintiff tenure and to deny her a contract for the following school year. This decision was affirmed by a vote of the school board in public session.

The plaintiff was informed of the board's decision in a March 28, 1974, letter from the assistant superintendent of the schools. The text of that letter is now the basis of the principal issue on appeal. The complete letter read as follows:

"Dear Mrs. Commeret:

The Jenison Board of Education, at a regular meeting held on March 26, 1974, voted not to renew your contract for the 1974–75 school year. Their action was taken on the recommendation of the administration which was based on your teaching performance for the 1973–74 school year.

Specifically, your evaluations show that sufficient improvements were lacking in the areas listed below:

1. discipline
2. classroom atmosphere

3. tardiness
4. professional attitude
a. concerning students
b. concerning staff

Presented with the above facts, the Jenison Board of Education made a motion to the effect that Deanne Commeret not be issued a contract for the 1974–75 school year. A roll call vote of the Board was taken with the following results: Yeas; Dr. Mohr, Dr. Kalee, Mr. Dood, Mr. Ripperda, Mr. Schuitema, and Mr. Groendyke. Absent, Mr. Zuidema. Motion carried."

After receipt of this letter, plaintiff filed a grievance in accord with the applicable collective bargaining agreement.[1] The grievance procedure was followed by a complaint in the circuit court for the County of Ottawa requesting an order to show cause why a writ of mandamus should not issue to compel defendant to tender to plaintiff a fulltime tenure teaching contract for the 1974–1975 school year. In a decision dated January 13, 1976, the circuit court denied plaintiff's prayer for a writ of mandamus.

Both in the circuit court and in the present proceedings plaintiff contends that the statutory provisions regarding proper notice were not satisfied by the letter sent to her. The referenced statute provides:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless

[1] During oral argument, counsel for defendant indicated the grievance was abandoned.

notified in writing at least 60 days before the close of the school year that his services will be discontinued." MCLA 38.83; MSA 15.1983.

The issue now presented by plaintiff is whether the letter received by her satisfies the requirements of this statute even though the letter did not contain the word "satisfactory" or "unsatisfactory". The circuit court decided that the letter did satisfy those requirements:

"The statement that 'sufficient improvements were lacking in the areas listed below', with reference to discipline, classroom atmosphere, tardiness, and professional attitude concerning students and staff as the reasons for contract termination must have indicated to plaintiff that defendant deemed her work to be unsatisfactory in those particulars.

We conclude that defendant, in its authorized statement to plaintiff, substantially complied with the statutory language in question. Members of boards of education rarely are attorneys or judges experienced in the niceties of legal procedures and strict adherence to statutory language. While a strict adherence to statutory terminology would have eliminated this controversy, we conclude that the defendant Board of Education did in fact make a decision in this case, did provide a statement to plaintiff which could not be reasonably misconstrued, and that the spirit and intent of the statute have been fully met."

We agree. The language of the statute supports the circuit court's decision. The critical portion of the statute is phrased as an indirect question: "a definite written statement *as to whether or not his work has been satisfactory"*. MCLA 38.83; MSA 15.1983. (Emphasis added.) On its face, this phraseology indicates the required statement's nature rather than its exact wording.

Here, the written notice to plaintiff conveyed an

unmistakable message that her work was, in fact, unsatisfactory even though that exact word was not itself used. To require more, on these facts, would elevate form over substance; no magic word is necessary to give effect to the intention of the statute.

Plaintiff asserts that the exact form of the notice has been mandated by prior judicial decisions. In particular, plaintiff points to *Munro v Elk Rapids Schools*, 383 Mich 661; 178 NW2d 450 (1970), *dissenting opinion adopted on rehearing*, 385 Mich 618; 189 NW2d 224 (1971). There the court said:

"We hold that under the statute, unless a probationary teacher is notified in writing that his work is *unsatisfactory*, upon completion of his probationary period he is entitled to employment with tenure status with all of its specified rights and privileges." 385 Mich 618, 619–620. (Emphasis added.)

In *Munro (On Rehearing)*, the reason for emphasizing the word "unsatisfactory" is that no notice had been given the probationary teacher as to whether or not his work was satisfactory. We interpret *Munro* to require the school board to notify the probationary teacher that his work is unsatisfactory; otherwise, his work is deemed satisfactory. But, this does not mean that "unsatisfactory" is a magic word that must be used. However, the probationary teacher must be given written notice, the plain meaning of which is that his work was unsatisfactory.

The decision of the circuit court is affirmed.[2]

[2] An additional issue considered by the circuit court was the question of whether laches should bar plaintiff's prayer for a writ of mandamus. The circuit court ruled that laches would apply because of the four months which elapsed between the board's decision and the

plaintiff's filing for the writ. Our disposition of this appeal makes consideration of this question unnecessary. We note, however, that this record does not appear to present the type of prejudicial delay that normally forms the basis for laches.