MUNRO *v.* ELK RAPIDS SCHOOLS

1. Schools and School Districts—Statutes—Teachers' Tenure Act—Constitutional Law—Due Process.

　　The Teachers' Tenure Act properly interpreted fully satisfies the constitutional requirements of due process (MCLA § 38.71 *et seq.*).

2. Schools and School Districts — Probationary Teacher — Teachers' Tenure — Teachers' Tenure Act.

　　Under the Teachers' Tenure Act, unless a probationary teacher is notified in writing that his work is *unsatisfactory,* upon completion of his probationary period, he is entitled to employment with tenure status with all of its specified rights and privileges (MCLA § 38.71 *et seq.*).

Appeal from Court of Appeals, Division 3, Quinn, P. J., and Holbrook and T. M. Burns, JJ., affirming Antrim, Charles L. Brown, J. Submitted March 11, 1970. (No. 24 January Term 1970, Docket No. 52,508.) Decided July 17, 1970. Submitted on rehearing June 22, 1971. (No. 18 June Term 1971, Docket No. 52,508.) Decided August 27, 1971. Rehearing denied September 28, 1971.

17 Mich App 368 reversed.

Complaint by Scott Munro for writ of mandamus against the Elk Rapids Schools and the Board of Education of Elk Rapids Schools to compel defendant to employ him as a tenure teacher. Writ

---

References for Points in Headnotes

[1] 47 Am Jur, Schools §§ 129–140.
[2] 47 Am Jur, Schools § 130.

denied and complaint dismissed. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appealed. Affirmed, 383 Mich 661. Rehearing granted. Reversed.

*Foster, Lindemer, Swift & Collins* (by *James A. White* and *Lynwood E. Beekman*), for plaintiff.

*Zerafa & Zerafa* (by *Robert J. Kievit*), for defendants.

*Amici Curiae:* American Civil Liberties Union of Michigan (by *Erwin B. Ellmann*).

American Civil Liberties Union (by *Melvin L. Wulf,* Legal Director).

## On Rehearing

Per Curiam. We granted rehearing in this case to reconsider the question which divided our Court[1] and to weigh the effect of *Goldberg* v. *Kelly* (1970), 397 US 254 (90 S Ct 1011, 25 L Ed 287) decided subsequent to our prior decision herein on the question of due process.

We are satisfied that the Michigan statute[2] properly interpreted fully satisfies the constitutional requirements of due process.

For the reasons set forth in the minority opinion heretofore filed herein and reported at 383 Mich 661, beginning at 688, which is hereby adopted as the opinion of this Court, we hold that under the statute, unless a probationary teacher is notified in writing that his work is *unsatisfactory,* upon completion of his probationary period he is entitled to employ-

---

[1] (1970), 383 Mich 661.
[2] MCLA § 38.71 *et seq.* (Stat Ann 1968 Rev § 15.1971 *et seq.*).

ment with tenure status with all of its specified rights and privileges.

Let mandamus issue as prayed.          `

T. M. Kavanagh, C. J., and Adams, T. E. Brennan, T. G. Kavanagh, Swainson, and Williams, JJ., concurred.

Black, J. (*dissenting*). I adhere to the majority opinion and decision (383 Mich 661). Nothing set forth in *Goldberg* v. *Kelly* (1970), 397 US 254 (90 S Ct 1011, 25 L Ed 2d 287), upon alleged strength of which the instant rehearing was ordered, is offended by our said decision. Indeed, *Goldberg* is not presently assigned as applicable to or for reversal of that decision.

My vote on rehearing is cast for affirmance of the judgment of the Court of Appeals (17 Mich App (368).