LIPKA v BROWN CITY COMMUNITY SCHOOLS

1. SCHOOLS AND SCHOOL DISTRICTS—TENURE—PROBATIONARY TEACH-
      ERS—RIGHT TO BE REHIRED—NOTICE OF UNSATISFACTORY WORK
      —DEFECTIVE NOTICE—STATUTES.

   A probationary teacher has a statutory right to be rehired where
   the notice given that the teacher's work was unsatisfactory was
   defective because it failed to specify any reasons why the work
   was unsatisfactory (MCLA 38.83).

2. SCHOOLS AND SCHOOL DISTRICTS—PROBATIONARY TEACHERS—APPEAL
      AND ERROR—TENURE COMMISSION—JURISDICTION—TENURED
      TEACHERS—STATUTES.

   A teacher who has failed to complete two school years of employ-
   ment is a probationary teacher and may not appeal a decision
   of the controlling school board to the State Tenure Commission;
   the jurisdiction of the commission is limited to the determina-
   tion of appeals by tenured teachers (MCLA 38.81, 38.84,
   38.121).

3. APPEAL AND ERROR—PROBATIONARY TEACHERS—TENURE COMMIS-
      SION—CIRCUIT COURT—COURT OF APPEALS.

   A circuit court determination of an appeal from the State Tenure
   Commission will not be reversed by the Court of Appeals
   merely because the case was first improperly brought before
   the tenure commission and should have been brought initially
   in the circuit court.

Appeal from Sanilac, Arthur M. Bach, J. Sub-
mitted Division 2 December 11, 1974, at Lansing.
(Docket No. 20727.) Decided February 25, 1975.
Leave to appeal granted, 394 Mich 775.

Matthew Lipka and Sharon Beebee appealed to
the State Tenure Commission the decision of de-

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools and School Districts §§ 152, 153, 169, 212.
[2, 3] 68 Am Jur 2d, Schools and School Districts § 190.

fendant Brown City Community Schools to discontinue their services as teachers. The commission ordered the teachers reinstated, with tenure and back pay. Defendant appealed to the circuit court. Affirmed. Defendant appeals by leave granted. Affirmed, but remanded to the circuit court for a determination of lost wages mitigated by wages earned.

*Foster, Lindemer, Swift & Collins, P. C.* (by *Lynwood E. Beekman* and *Peter F. McNenly*), for plaintiffs.

*Thomas & Delaney* (by *William R. Coppel*), for defendant.

Before: DANHOF P. J., and BASHARA and ALLEN, JJ.

BASHARA, J. Defendant school district appeals from an opinion of the Sanilac County Circuit Court affirming an opinion of the State Teachers' Tenure Commission. The commission had ruled that plaintiffs were entitled to reinstatement as tenured teachers and to back pay.

Plaintiffs were probationary teachers hired by defendant for the 1970–71 and 1971–72 school years. A letter was sent to each of the plaintiffs on March 23, 1972 notifying them that their work was unsatisfactory and that they would not be rehired for the ensuing school year.

Plaintiffs filed a timely petition for appeal with the State Teachers' Tenure Commission. Defendant answered the petition and challenged the jurisdiction of the tenure commission. The commission held a hearing on July 1, 1972 but did not render a decision until June 5, 1973. In reinstating the plaintiffs, the commission ruled that the notice

given to them was defective because it failed to specify any reasons why their work was considered unsatisfactory. Hence it concluded that proper notice was not given to plaintiffs, and that a statutory right to be rehired arose.[1] The defendant does not challenge this conclusion.

The primary question of this appeal becomes whether probationary teachers may appeal their discharge to the State Teachers' Tenure Commission where the issue concerns improper notice of termination within the last 60 days of probation.

Defendant contends that because the teachers were still probationary they were forclosed from review by the tenure commission. Defendant argues rather that the primary appellate forum is the circuit court.

Plaintiffs, on the other hand, contend that once they are within 60 days of becoming tenured teachers, the only thing standing between them and tenure is the notice not to rehire. If it is defective, they argue, then for all purposes of the act they become tenured. Thus both plaintiffs and the trial court reason that the instant action was properly brought before the tenure commission as an appeal of right.

At first blush it would seem rational that the commission decide issues of employment where a probationary teacher has gained a statutory right to be rehired as a tenured teacher for the ensuing year. It would also appear that the commission, as

---

[1] MCLA 38.83; MSA 15.1983 states: "At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified *in writing* at least 60 days before the close of the school year that his services will be discontinued." (Emphasis supplied.)

here, should resolve whether the notice not to rehire is defective where the ensuing year will bring tenure to the individual.

We must regretfully conclude, however, that the statute will not allow that interpretation. Three sections of the teachers' tenure act lead us in this direction. MCLA 38.81; MSA 15.1981, article II, § 1 of the act, provides in pertinent part:

"All teachers during the first two school years of employment shall be deemed to be in a period of probation * * * ."

MCLA 38.121; MSA 15.2021, article VI, § 1 of the act, establishes the jurisdiction of the tenure commission:

"A teacher *who has achieved tenure status* may appeal any decision of a controlling board under this act within 30 days from the date of such decision, to a state tenure commission * * * ." (Emphasis supplied.)

This section is intended to limit the jurisdiction of the commission to the determination of appeals by tenured teachers only. Finally, we cite MCLA 38.84; MSA 15.1984 which provides that the right to appeal as outlined in article VI (MCLA 38.121; MSA 15.2021):

"shall not apply to any teacher *deemed to be in a period of probation."* (Emphasis supplied.)

Read together, these statutory references must be interpreted to mean that a teacher who has failed to complete two school years of employment may not appeal the decision of a controlling board to the tenure commission. This result does bypass the expeditious and expert attention the tenure commission affords to parties to teacher disputes. Nevertheless it is for the Legislature to provide that avenue. This Court will not substitute its judgment for that of the Legislature in the face of what we view to be that body's clear mandate.

This analysis is further buttressed by footnote 3

in Chief Justice (then Justice) THOMAS G. KAV-
ANAGH's dissenting opinion in *Munro v Elk Rapids
Schools,* 383 Mich 661, 689; 178 NW2d 450 (1970)
(which was subsequently adopted on rehearing as
the majority opinion, 385 Mich 618; 189 NW2d 224
[1971]), wherein it was stated:

"The board here did not permit employment of the
plaintiff teacher beyond the two year probationary pe-
riod, hence had not accorded him such tenure as would
entitle him to appeal to the tenure commission * * * ."
See also *Caddell v Ecorse Board of Education,* 17 Mich
App 632; 170 NW2d 277 (1969).

We, therefore, hold that all probationary teach-
ers must address their appeals from an action of a
school board to the courts of this state rather than
to the State Teachers' Tenure Commission.

In the case at bar, however, the Sanilac County
Circuit Court has already determined that the
notice to the plaintiffs was defective in light of
*Munro v Elk Rapids Schools, supra,* and has or-
dered the teachers reinstated. It would be pointless
to reverse merely because the case had been first
considered by the tenure commission. We prefer
the procedure adopted by this Court in *Fucinari v
Dearborn Board of Education,* 32 Mich App 108;
188 NW2d 229 (1971), and affirm the trial court's
determination reinstating the plaintiffs.

In view of the recent Michigan Supreme Court
decision in *Shiffer v Board of Education of Gibral-
tar School District,* 393 Mich 190; 224 NW2d 255
(1974), we remand to the trial court for a determi-
nation of lost wages due the plaintiffs, mitigated
by wages earned during their period of unemploy-
ment, if any.

Affirmed as modified and remanded. No costs, a
public question being involved.