LIPKA v BROWN CITY COMMUNITY SCHOOLS

Docket Nos. 56795, 56796. Argued January 8, 1976 (Calendar No. 10).
    —Decided May 2, 1977.

Matthew Lipka and Sharon Beebee appealed to the State Tenure
Commission the decision of defendant Brown City Community
Schools to discontinue their employment as probationary teach-
ers. Both teachers were advised by timely notice that they
would not be rehired for the following school year, but the
notice did not state why the school board found their work
unsatisfactory. The commission ordered the teachers reinstated
with tenure and back pay. The Sanilac Circuit Court, Arthur
M. Bach, J., affirmed. The Court of Appeals, Danhof, P. J., and
Bashara and Allen, JJ., affirmed the result in the circuit court,
holding that the State Tenure Commission did not have juris-
diction, and remanded to the circuit court for a determination
of lost wages as mitigated by wages earned by the plaintiffs
(Docket No. 20727). The parties appeal. *Held:*

The decision of the Court of Appeals is affirmed by an equally
divided Court.

Chief Justice Kavanagh, with Justices Williams and Fitzger-
ald concurring, would affirm in part, and remand to the State
, Tenure Commission for a determination of lost wages. They
would hold that:

1. A teacher who alleges that the controlling school board
failed to provide him with proper notification whether his work
was unsatisfactory and that his services would be discontinued
at least 60 days before the close of the last school year of his
probationary period achieves tenure status for the limited
purpose of allowing him to appeal the school board's action to
the State Tenure Commission. Therefore, the ruling of the

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 68 Am Jur 2d, Schools §§ 149, 152, 168, 169, 185–188, 203, 204.
    Sufficiency of notice of intention to discharge teacher, or not to
    renew contract, under statutes requiring such notice. 92 ALR2d
    751.
[2] 68 Am Jur 2d, Schools §§ 161, 162.
    What constitutes, "incompetency" or "inefficiency" as a ground for
    dismissal or demotion of public school teacher. 4 ALR3d 1090.

Court of Appeals that the State Tenure Commission did not have jurisdiction is erroneous.

2. A board of education must set forth in the statement delivered to a probationary teacher at least 60 days before the close of the school year the reasons for its determination that the probationary teacher's work is unsatisfactory.

Justice Coleman, with Justices Levin and Ryan concurring, would reverse, holding that:

The notice given complied with statutory standards. The statute and case law require that a probationary teacher be given a definite written statement as to whether or not his work has been satisfactory. The notice given in this case, that "your work has been unsatisfactory", complied with this requirement.

Justice Blair Moody, Jr., did not participate.

59 Mich App 175; 229 NW2d 362 (1975) affirmed by an equally divided Court.

### DECISION OF THE COURT

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE ACT—PROBATIONARY TEACHERS.

A decision of the Court of Appeals that the State Tenure Commission did not have jurisdiction over an appeal by probationary teachers asserting improper notice of their dismissal by the school board, that the notice was improper, and that the circuit court should determine the teachers' lost wages is affirmed by an equally divided Court (MCL 38.71 *et seq.;* MSA 15.1971 *et seq.).*

### OPINION FOR AFFIRMANCE

KAVANAGH, C. J., and WILLIAMS and FITZGERALD, JJ.

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE ACT—PROBATIONARY TEACHERS—NOTICE.

*A teacher who alleges that the controlling school board failed to provide him with proper notification that his work was unsatisfactory and that his services would be discontinued at least 60 days before the close of the last school year of his probationary period achieves tenure status for the limited purpose of allowing him to appeal the school board's action to the State Tenure Commission (MCL 38.71 et seq.; MSA 15.1971 et seq.).*

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHER TENURE ACT—PROBATIONARY TEACHERS—NOTICE.

*A school board must set forth in the statement delivered to a*

probationary teacher at the close of the school year the reasons for its determination that the probationary teacher's work is unsatisfactory (MCL 38.83; MSA 15.1983).

### Opinion for Reversal

### Levin, Coleman and Ryan, JJ.

4. Schools and School Districts—Teacher Tenure Act—Probationary Teachers—Notice.

A school board is not required by the teacher tenure act to set forth in the written notice delivered to a probationary teacher at the close of the school year the reasons for its determination that the probationary teacher's work is unsatisfactory (MCL 38.83; MSA 15.1983).

5. Schools and School Districts—Teacher Tenure Act—Probationary Teachers—Tenure.

Satisfactory completion by a teacher of the two-year probationary period requires that the teacher must be hired under the teacher tenure act; at that point the statute requires that cause be shown in the notice of a teacher's removal (MCL 38.71 et seq.; MSA 15.1971 et seq.).

*Foster, Swift & Collins, P. C.* (by *Lynwood E. Beekman, George M. Brookover* and *Peter F. Mc-Nenly*), for plaintiffs.

*Thrun, Maatsch & Nordberg* (by *Thomas J. Nordberg, Donald J. Bonato* and *Joe D. Mosier*) for defendant.

Kavanagh, C. J. We are presented with two questions concerning the teachers tenure act, MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.:*

(1) Whether a teacher who alleges that the controlling board failed to provide him with proper notification as to whether or not his work was unsatisfactory and that his services would be discontinued at least 60 days before the close of the last school year of his probationary period achieves tenure status for the limited purpose of

allowing him to appeal the board's action to the State Tenure Commission?

(2) Whether a controlling board must set forth the reasons why it has determined a probationary teacher's work to be unsatisfactory in the statement delivered to the probationary teacher pursuant to MCLA 38.83; MSA 15.1983?

We answer both questions affirmatively.

I

The facts are stipulated. Brown City Community School District is a fourth-class school district operating under the School Code of 1955, 1955 PA 269, MCLA 340.1 *et seq.;* MSA 15.3001 *et seq.,* and is a "controlling board" within the meaning of the teachers' tenure act, MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.*

Matthew Lipka and Sharon Beebee are certified "teachers" within the meaning of the teachers' tenure act. Both teachers entered into one-year probationary contracts with the school district for the 1970–71 school year and subsequently taught the 1970–71 school year. Thereafter, both teachers entered into another one-year probationary contract with the school district to teach for the 1971–72 school year.

During the 1971–72 school year the teachers were periodically evaluated by their respective principals, and were given copies of written evaluation forms.

On March 22, 1972, the Board of Education for the Brown City Community School District, at its regular meeting, took action with regard to all probationary teachers working for the district. At that time a motion was made and carried that the two teachers in this suit not be placed on tenure

nor rehired for the following year because of unsatisfactory work.

On March 23, 1972, each teacher was sent a letter by the superintendent for the Brown City Community Schools, acting on behalf of the board, advising that the teacher's work had been unsatisfactory and that the teacher would not be rehired for the 1972–73 school year. These letters were received more than 60 days before the end of the school year. Neither letter specified reasons why the teacher's work was unsatisfactory.

On April 20, 1972, the teachers filed a petition for appeal to the State Tenure Commission. On May 19, 1972, the school district filed an answer alleging that the tenure commission had no jurisdiction to consider these appeals.

On July 1, 1972, a hearing was held before the State Tenure Commission, at which time the commission considered the appeals. On June 5, 1973, the commission rendered a final decision and ordered the teachers to be reinstated as tenured teachers with all salary lost.

Thereupon the school district appealed to the Sanilac Circuit Court. The circuit court affirmed the tenure commission in an order of May 6, 1974.

The school district appealed to the Court of Appeals on the question of the jurisdiction of the tenure commission to hear such cases.

The Court of Appeals found that the State Tenure Commission was without jurisdiction to hear appeals of probationary teachers, but held that because the circuit court had also found the teachers' notice defective, it would affirm the court's order of reinstatement. 59 Mich App 175; 229 NW2d 362 (1975).

This Court granted leave to appeal on May 22, 1975 to both sides.

The following provisions of the teachers' tenure act are relevant to our discussion.

Article II, § 1, MCLA 38.81; MSA 15.1981 provides:

"All teachers during the first 2 school years of employment shall be deemed to be in a period of probation * * * ."

Article II, § 3, MCLA 38.83; MSA 15.1983 provides:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

Article III, § 1, MCLA 38.91; MSA 15.1991 provides:

"After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act. * * * ."

Article VI, § 1, MCLA 38.121; MSA 15.2021 provides:

"A teacher who has achieved tenure status may appeal any decision of a controlling board under this act within 30 days from the date of such decision, to a state tenure commission. * * * ."

Article II, § 4, MCLA 38.84; MSA 15.1984 provides:

"Articles 4, 5 and 6 shall not apply to any teacher deemed to be in a period of probation."

## II

Plaintiffs contend that they became tenured by operation of law due to the failure of the board to properly notify them at least 60 days before the close of the last probationary school year, and therefore were entitled to appeal the action of the board to the State Tenure Commission.

Plaintiffs recognize that only teachers who have "achieved tenure status may appeal any decision of a controlling board * * * to a state tenure commission". They argue, however, that because the required notice of nonretention was ineffective (see discussion, *infra),* they could not be denied tenure, and therefore "achieved tenure" by operation of law on the 59th day prior to the close of the last school year of their probationary period.

Defendants, however, point to MCLA 38.81; MSA 15.1981, which states that "[a]ll teachers during the first 2 years of employment shall be deemed to be in a period of probation". Thus, as plaintiffs had not completed two years of employment, they were still probationary teachers and had not "achieved tenure status" allowing them to appeal to the tenure commission.

In the case at bar, the tenure commission accepted the appeal and ordered plaintiffs reinstated.

The circuit court agreed that the tenure commission had jurisdiction, finding that

"since the notice was defective, it constituted no

notice at all and thus the appellees acquired tenure by operation of law. * * * [W]hen the teachers received the defective notice they then acquired tenure on the 59th day before the end of the school year for this purpose. Nothing the school board could do after the 59th day before the end of the school year could remove the appellees from a tenure status that they acquired by virtue of the defective notice and from that time on the school board had to treat them as tenured teachers. Thus being tenured teachers they were within the purview of the tenure commission and had a right to immediately petition the tenure commission for a determination."

The Court of Appeals disagreed with the rulings below on jurisdiction and observed:

"At first blush it would seem rational that the commission decide issues of employment where a probationary teacher has gained a statutory right to be rehired as a tenured teacher for the ensuing year. It would also appear that the commission, as here, should resolve whether the notice not to rehire is defective where the ensuing year will bring tenure to the individual.

"We must regretfully conclude, however, that the statute will not allow that interpretation. * * *

* * *

"[A] teacher who has failed to complete two school years of employment may not appeal the decision of a controlling board to the tenure commission. This result does bypass the expeditious and expert attention the tenure commission affords to parties to teacher disputes. Nevertheless it is for the Legislature to provide that avenue." 59 Mich App 175, 177–178.[1]

---

[1] Despite this conclusion, the Court of Appeals affirmed the determination of the trial court that the teachers received defective notice (a finding not challenged in the Court of Appeals) and ordered reinstatement, stating that "[i]t would be pointless to reverse merely because the case had been first considered by the tenure commission". 59 Mich App at 179.

The State Tenure Commission itself has changed its position on this issue.

In *Young v Hazel Park School District,* No 64-2 (State Tenure Commission, June 23, 1965), the commission was presented with a case of alleged improper notice to a probationary teacher. The school board claimed that this teacher had no right to appeal to the tenure commission as he was still a probationary teacher.

The tenure commission found that it had jurisdiction, stating that

"upon the failure of the appellee to act affirmatively, the appellant although serving under a probationary contract, became entitled to the right of appeal when the board failed to act at least 60 days before the end of the school year. His right to tenure status became fully vested as of that time and this right clearly grants to him the right of appeal. He was no longer deemed to be in a period of probation for the purpose of his appeal. * * *

"We further believe that this determination is consistent with the general purpose of the tenure act, which is to resolve conflicts between the teacher and the board without the necessity of court action, so long as it is consistent with the general principle that the tenure commission is not assuming powers reserved to the courts under the wording of the act or its reasonable interpretation."

After apparently following the rule it stated in *Young* for the next eight years, the commission reversed itself (on a 3-to-2 vote) in *Cole v Sault Ste Marie Public Schools,* No 73-19 (State Tenure Commission, August 28, 1973),[2] stating:

[2] The case at bar was decided by the tenure commission June 5, 1973, and the commission accepted jurisdiction, though defendant specifically objected to that action.

"The event, alleged to be defective by the appellant, was the failure by the school board to deliver to the appellant a sufficient definite written statement of unsatisfactory work prior to sixty (60) days of the close of the school year. Before receipt of said notice, the appellant was a probationary teacher. At the time of the receipt of the notice, he was a probationary teacher. After lack of receipt of proper notice, he was still a probationary teacher. He acquired tenure, if at all, only at the end of the probationary period. Since the appellant was in a period of probation at the time the notice was alleged to be defective or not sufficiently given, the tenure act, article VI, providing for a hearing of an appeal by this commission, could not apply to him."[3]

This question has also been discussed by several courts of this state, with varying results. In *Fucinari v Dearborn Board of Education,* 32 Mich App 108, 111; 188 NW2d 229 (1971), an appeal was taken to the tenure commission by a teacher at the close of her second probationary year alleging defective notice. The teacher prevailed at the tenure commission and the circuit court. The Court of Appeals also ruled in the teacher's favor, but in doing so stated:

"One matter not raised by either party is the jurisdiction of the State Tenure Commission to hear this dispute. The plaintiff, being a probationary teacher, did not have continuing tenure, and thus, no jurisdiction vested in the State Tenure Commission to hear the dispute. Only those teachers who have achieved tenure status have the right to appeal a decision of a controlling board of education to the State Tenure Commis-

---

[3] The dissent to this opinion of the tenure commission pointed out that since *Young* there had been 64 additional petitions to the commission by teachers claiming to have acquired tenure by operation of law due to defective notices. The tenure commission accepted jurisdiction in all these cases.

sion, MCLA § 38.121 (Stat Ann 1968 Rev § 15.2021)."[4]

We do not agree with this gratuitous observation.

Circuit court decisions on the question have gone both ways. *E.g., Bullock Creek School Dist v Tenure Commission,* No 4102 (Midland Circuit Court, June 20, 1974), *aff'd and remanded,* Docket No 21363 (Mich App, April 8, 1975) (tenure commission is without jurisdiction to hear such cases); *Kalsic v Huron School Dist,* Civil No 193-231R (Wayne Circuit Court, January 18, 1972); *(Supplemental Opinion)* (January 20, 1972) (tenure commission has jurisdiction because teacher becomes tenured when notice is ineffective).

We are persuaded that the Sanilac Circuit Court was correct in its ruling in this case, and therefore we affirm its finding and that of the tenure commission that the commission had jurisdiction to hear this appeal.

The State Tenure Commission followed the rule it had established in *Young v Hazel Park School District, supra,* for eight years and accepted jurisdiction in this type of case. We believe that was the correct practice.

We are satisfied that the State Tenure Commission is well qualified to make the primary determination as to whether or not a teacher has, in fact, "achieved tenure status". MCLA 38.121; MSA 15.2021. Questions concerning tenure are peculiarly within the commission's expertise.

We agree with the commission's observation in *Young v School District of Hazel Park, supra:*

---

[4] The Court stated, however, that since both parties accepted the jurisdiction of the State Tenure Commission, and because the matter was an appeal from circuit court, it would proceed with the disposition of the case. 32 Mich App at 111–112.

"We further believe that this determination is consistent with the general purpose of the tenure act, which is to resolve conflicts between the teacher and the board without the necessity of court action, so long as it is consistent with the general principle that the tenure commission is not assuming powers reserved to the courts under the wording of the act or its reasonable interpretation."

## III

Plaintiffs received the following timely letter from the Superintendent of Schools, acting on behalf of the Board of Education:

"March 23, 1972

"The Brown City Board of Education, at its regular meeting of March 22, 1972, took action in reference to your status as a teacher in the Brown City School District. It has been recommended by your Principal and approved by the Board of Education not to rehire you for the 1972–73 school year because your work has been unsatisfactory.

"Your present contract expires June 13, 1972 and will not be renewed.

"You may request a hearing before the Board of Education regarding this matter, if you wish. Please make your request to me within 30 days of receiving this letter.

Sincerely,

Peter C. Muntean
Superintendent."

Plaintiffs contend that this letter did not conform to the act's requirement of "a definite written statement as to whether or not [the teacher's] work has been satisfactory", and, therefore, because "[f]ailure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory", they achieved the status of tenured teachers 59 days prior to the end of their second probationary year.

It is plaintiffs' proposition that the "definite written statement" must include the *reasons for* the board's conclusion that their work has been unsatisfactory.

Plaintiffs invite us to give emphasis to the word "statement" and argue that the fact that the Legislature used the word "definite" instead of, *e.g.,* "detailed" does not matter, for either word merely clarifies the type of statement required.

Defendant argues that it was not the intention of the Legislature in using the word "definite" to require specific reasons for its conclusion that the teachers' work was unsatisfactory to be included in the written notice to the teachers. It contends that if such an intention had existed, it would have been a simple matter for the Legislature to use, *e.g.,* the word "detailed" instead of "definite".

The tenure commission ruled that this letter did not constitute a definite written statement and ordered plaintiffs reinstated. The circuit court agreed with the tenure commission, finding that "the notice was not proper for the reason that it did not specify the reasons why the work was unsatisfactory".

The Court of Appeals affirmed this portion of the circuit court determination ordering plaintiffs reinstated, stating that the defendant did not challenge the conclusion that proper notice was not afforded plaintiffs.[5]

We agree that "a definite written statement as to whether or not his work has been satisfactory" requires a statement of the reasons for the board's

[5] Plaintiffs contend that defendant has abandoned this issue altogether by not raising it in the Court of Appeals. We disagree. This issue runs throughout the case, at all levels, and is the basis of the entire proceeding. It has been thoroughly considered and briefed by both sides in this Court, and consideration of the question is necessary for an expeditious resolution of the case and review of the proceedings below. *See* GCR 1963, 865.1(7).

conclusion that the teachers' work was unsatisfactory.

In *Munro v Elk Rapids Schools,* 383 Mich 661, 688, 691; 178 NW2d 450 (1970) (dissenting opinion of T. G. KAVANAGH, J.), later *aff'd* in full *(On Rehearing),* 385 Mich 618; 189 NW2d 224 (1971), we stated:

> "[T]he intent of the *entire* [teachers' tenure] act was to eliminate capricious and arbitrary employment policies of local school boards. This includes the probationary as well as the tenure period of employment."

The section of the act considered here has consistently been "interpreted * * * quite literally in favor of the legislative purpose of protecting teachers' rights". *Weckerly v Mona Shores Board of Education,* 388 Mich 731, 734; 202 NW2d 777 (1972).

The rationale of *Munro, supra,* also leads to this result. In *Munro,* we held that a probationary teacher could not be denied tenure for arbitrary or capricious reasons. We pointed out that the definite written statement which must be provided a probationary teacher at the end of each year of the probationary period serves the purpose of assisting this teacher in self-improvement or self-correction upon being advised of his or her deficiencies. If the board need only state its conclusion that a teacher's work is unsatisfactory, a major purpose underlying this section of the act is defeated. While, admittedly, this purpose of assisting the teacher in self-improvement might be less utilitarian at the end of the second probationary year than at the end of the first, the same "definite written statement" is required at the end of each probationary year.

Several circuit courts of the state, as well as the State Tenure Commission, have found this to be the requirement. In *Kalsic v Huron School Dist,* Civil No 193-231R (Wayne Circuit Court, January 18, 20, 1972), the Court found the same type of situation presented in the case at bar to be

"controlled by the spirit, if not the letter of *[Munro].*

      *  *  *

"In this case, defendant school board did exactly as the quoted opinion specified, *i.e.,* notified plaintiff in writing her work was unsatisfactory.

"However, a literal view resulting in such a strict and narrow requirement for school boards would have the effect of permitting any school board to dismiss any probationary teacher for any reason whatsoever, simply upon sending that teacher written notice that his work is 'unsatisfactory'—irrespective of whether or not that is true; irrespective of whether or not there are any grounds upon which to base such a determination.

"Such a view would be inconsistent with the reasoning behind that latest *Elk Rapids* decision as prefaced in the earlier dissent upon which it is based * * * .

      *  *  *

"In view of such a fundamental interest on the part of a probationary teacher, it would seem axiomatic that a school board is required to state at the time of notification of unsatisfactory performance, the grounds for or reasons for their decision. This is not to say that such grounds or reasons must conform to the standard employed to measure reasonable or just cause as used in connection with dismissing a tenure teacher. A school board may have wide latitude or discretion in this area and may, perhaps, draw upon reasons not at all acceptable for dismissing a tenure teacher. Such questions are not before the court. It is, however, recommended the school must have reasons and said reasons should be given along with notification of unsatisfactory performance. Otherwise, there is really no reason for the notification requirement as mandated in the latest *Elk Rapids* decision * * * ."

In *Drury v North Dickinson County School Dist No 3*, Civil No 74-1588-AW (Dickinson Circuit Court, August 9, 1974), the court stated:

"Article II, § 3 of the tenure act requires both that the *written statement* * * * be definite as to whether or not a teacher's work has been satisfactory, and if unsatisfactory, the reasons in support of that finding."

Because the act requires a definite written statement be provided a probationary teacher as to whether or not his work has been satisfactory, and because a probationary teacher may not be denied tenure for arbitrary and capricious reasons, requiring the board of education to set forth reasons why it has determined the probationary teacher's work to be unsatisfactory is necessary to fulfill the purposes of the act.

CONCLUSION

We hold: (1) A teacher who alleges that the controlling board failed to provide him with proper notification as to whether or not his work was unsatisfactory and that his services would be discontinued at least 60 days before the close of the last school year of his probationary period, pursuant to MCLA 38.83; MSA 15.1983, achieves tenure status for the limited purpose of allowing him to appeal the board's determination to the State Tenure Commission; (2) The controlling board must set forth the reasons why it has determined a probationary teacher's work to be unsatisfactory in the definite written statement delivered to the probationary teacher pursuant to MCLA 38.83; MSA 15.1983.

The Court of Appeals opinion upholding the ruling of the Sanilac Circuit Court is affirmed. The

ruling of the Court of Appeals that the State Tenure Commission did not have jurisdiction is reversed.

The cause is remanded to the State Tenure Commission for a determination of lost wages in accordance with *Shiffer v Board of Education of Gibraltar School Dist,* 393 Mich 190; 224 NW2d 255 (1974).

No costs. A public question.

WILLIAMS and FITZGERALD, JJ., concurred with KAVANAGH, C. J.

COLEMAN, J. Plaintiff teachers were notified over 60 days before the close of the school that they would not be rehired because their work was unsatisfactory.

The Sanilac Circuit Court found the notice to be defective because it did not include the reasons upon which the failure to rehire was based. The Court of Appeals affirmed.[1] We reverse as to the issue because we find that the notice met statutory requirements.[2]

The teacher's tenure act, MCLA 38.71 *et seq;* MSA 15.1971 *et seq,* provides that "[a]ll teachers during the first 2 school years of employment shall be deemed to be in a period of probation". MCLA 38.81; MSA 15.1981. The statute further provides in MCLA 38.83; MSA 15.1983:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether

---

[1] 59 Mich App 175; 229 NW2d 362 (1975).

[2] There also was an issue as to the proper forum in which the matter should be heard. Because consideration is not necessary to this decision, it will not be discussed.

or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

Probationary teachers are not eligible to use articles 4 (discharge, demotion or retirement), 5 (resignation and leave of absence) and 6 (right to appeal). MCLA 38.84; MSA 15.1984.

As noted in *Rehberg v Board of Education of Melvindale, Ecorse School District No 11, Wayne County,* 330 Mich 541, 547; 48 NW2d 142 (1951), the "tenure act was enacted for the purpose of protecting teachers from being discharged or demoted from a continuing tenure except for 'reasonable and just cause' and" after certain procedural standards were met by the school board. See MCLA 38.102; MSA 15.2002 and MCLA 38.104; MSA 15.2004. A probationary teacher does not achieve tenure until satisfactorily completing the two-year probationary period. MCLA 38.91; MSA 15.1991. See OAG, 1949–1950, No 1126, p 503 (March 17, 1950), and 2 OAG, 1958, No 3297, p 265 (October 15, 1958).

MCLA 38.83; MSA 15.1983 obligates a school board to provide a probationary teacher "with a definite written statement as to whether or not his work has been satisfactory". A failure to provide the notice "shall be considered as conclusive evidence that the teacher's work is satisfactory".

In *Munro v Elk Rapids Schools,* 383 Mich 661, 688, 691; 178 NW2d 450 (1970), the teacher had served two years without receiving notice that his work was unsatisfactory. However, the school board decided not to rehire him. In dissent, the

Chief Justice argued that the teacher was entitled
to tenure:

"The act spells out that probation is a period of trial.
Its satisfactory completion requires that a teacher who
completes his probation must be hired. At this point the
board's discretion has been removed, and thereafter,
cause must be shown for a teacher's removal."[3]

The dissent was adopted as the Court's opinion *On
Rehearing,* 385 Mich 618, 619–620; 189 NW2d 224
(1971), with the Court holding that "under the
statute, unless a probationary teacher is notified in
writing that his work is *unsatisfactory,* upon com-
pletion of his probationary period he is entitled to
employment with tenure status with all its speci-
fied rights and privileges". See *Wilson v Flint
Board of Education,* 361 Mich 691; 106 NW2d 136
(1960).

The statute requires that a probationary teacher
be provided "with a definite written statement as
to whether or not his work has been satisfactory".
However, a teacher on continuing tenure may be
discharged or demoted "only for reasonable and
just cause, and only after such charges, notice,
hearing, and determination" as provided by the
act. MCLA 38.101; MSA 15.2001. Charges against
a teacher on continuing tenure "shall be made in
writing, signed by the person making same and
filed" with the school board. If the board decides to
proceed, the teacher must be furnished "with a
written statement of the charges" and given an

―――――――――

[3] MCLA 38.91; MSA 15.1991 provides in part that "[a]fter the
satisfactory completion of the probationary period, a teacher shall be
employed continuously by the controlling board under which the
probationary period has been completed, and shall not be dismissed or
demoted except as specified in this act".

opportunity to have a full hearing. MCLA 38.102; MSA 15.2002.

The teachers in our case were timely notified that they were not to be rehired "because your work has been unsatisfactory". This was a "definite written statement as to whether or not [the teacher's] work has been satisfactory".

If this legislation is to be interpreted as literally now as it was in *Weckerly v Mona Shores Board of Education,* 388 Mich 731; 202 NW2d 777 (1972), defendants followed all of its requirements. Compare the notice given (and found satisfactory) in *Wilson v Flint Board of Education, supra.*

In the second *Munro v Elk Rapids Schools* opinion, the Court, in addition to adopting the Chief Justice's earlier dissent, held that "under the statute, unless a probationary teacher is notified in writing that his work is *unsatisfactory",* he is entitled to employment with tenure status upon completing his probationary period.

Brown City Community School Board did all that the statute or Michigan caselaw required. It acted in a timely fashion and without evidence of malice, hostility, discrimination or unfairness.

We reverse the Court of Appeals with respect to its finding that notice to the probationary teachers was defective and vacate the order of the circuit court reinstating the teachers as tenured with back pay.

We remand to the circuit court for entry of a judgment consistent with this opinion.

LEVIN and RYAN, JJ., concurred with COLEMAN, J.

BLAIR MOODY, JR., J., took no part in the decision of this case.