LIPKA v BROWN CITY COMMUNITY SCHOOLS (ON REHEARING)

Docket Nos. 56795, 56796. Argued January 8, 1976 (Calendar No. 10). —Decided May 2, 1977. Rehearing granted 400 Mich 984. Argued on rehearing January 3, 1978 (Calendar No. 2).—Decided November 20, 1978.

Matthew Lipka and Sharon Beebee appealed to the State Tenure Commission the decision of defendant Brown City Community Schools to discontinue their employment as probationary teachers. Both teachers were advised by timely notice that they would not be rehired for the following school year because their work had been "unsatisfactory", but the notice did not state why the school board found their work unsatisfactory. The commission ordered the teachers reinstated with tenure and back pay. The Sanilac Circuit Court, Arthur M. Bach, J., affirmed. The Court of Appeals, Danhof, P.J., and Bashara and Allen, JJ., affirmed the result in the circuit court, holding that the State Tenure Commission did not have jurisdiction, and remanded to the circuit court for a determination of lost wages as mitigated by wages earned by the plaintiffs (Docket No. 20727). The parties appeal. *Held:*

1. The provision of the teacher tenure act that the school board give written notice to probationary teachers of unsatisfactory work does not include a mandate that a statement of reasons accompany that notice. It is unnecessary to read a "reason" requirement into the provision in order to effect the act's policy.

2. A probationary period is provided in the act and distin-

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools § 190.
[2] 68 Am Jur 2d, Schools § 169.
  Right to dismiss public school teacher on ground that services are no longer needed. 100 ALR2d 1141.
[3, 4] 68 Am Jur 2d, Schools § 187.
  Sufficiency of notice of intention to discharge teacher, or not to renew contract, under statutes requiring such notice. 92 ALR2d 751.
[5] 68 Am Jur 2d, Schools § 204.
[6] 68 Am Jur 2d, Schools § 188.

guished from tenure to afford a trial period during which the controlling school board may make a subjective determination of whether a certain teacher satisfies that school district's particular needs and policy. It should not be required that such a procedure meet an objective standard applicable to all school districts. The fact that the act provides a procedure for hearing and review by the State Tenure Commission where the issue is the discharge of a tenured teacher but does not provide such a procedure for a determination whether a period of probation was completed satisfactorily indicates that it was not intended to provide a review of such a decision by the State Tenure Commission.

3. Adoption of an impermissible policy contrary to the teacher tenure act is not demonstrated by showing that an arguably incorrect determination was made in a particular case. The State Tenure Commission may not assay a school board's reason for concluding that a probationary teacher's work was unsatisfactory. The act is followed when the notice of unsatisfactory work is timely given whether based on good, bad, or unstated reasons. If timely notice of unsatisfactory work is given, no entitlement to tenure arises, and therefore the Due Process Clause does not require a hearing.

4. If a teacher claims tenure as a result of satisfactory completion of probation, the determination of timeliness or legal effect of a notice of unsatisfactory work is always within the jurisdiction of the State Tenure Commission.

5. The defendant school board's notice was effective. These teachers did not satisfactorily complete their probationary period so as to be entitled to tenure. The decision of the Court of Appeals is reversed, the order of reinstatement set aside, and the matter remanded to the State Tenure Commission with instructions to dismiss the plaintiffs' appeal.

Reversed.

Justice Blair Moody, Jr., joined by Justices Williams and Fitzgerald, dissented. He wrote that, for the reasons given by Chief Justice Kavanagh in his first opinion in this case:

1. A teacher who alleges that the controlling school board failed to provide him with proper notification whether his work was unsatisfactory and that his services would be discontinued at least 60 days before the close of the last school year of his probationary period achieves tenure status for the limited purpose of allowing him to appeal the school board's action to the State Tenure Commission. Therefore, the ruling of the

Court of Appeals that the State Tenure Commission did not have jurisdiction is erroneous.

2. A board of education must set forth in the statement delivered to a probationary teacher at least 60 days before the close of the school year the reasons for its determination that the probationary teacher's work is unsatisfactory. The notices given the plaintiffs in this case were insufficient because they did not give reasons.

3. Because of the general uncertainty of the law in this area and the specific uncertainty engendered by the original disposition, affirming the decision of the Court of Appeals by an equally divided Court, the holding as to jurisdiction of the State Tenure Commission should be given prospective application from the date of this decision, and the holding as to the sufficiency of notice should be given prospective application from the date of the original disposition, May 2, 1977.

59 Mich App 175; 224 NW2d 362 (1975) reversed.

OPINION OF THE COURT

1. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PROBA-
TIONARY TEACHERS.

The teacher tenure act does not require that a statement of reasons accompany the written notice to a probationary teacher of discontinuance of services for unsatisfactory work (MCL 38.83; MSA 15.1983).

2. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PROBA-
TIONARY TEACHERS.

A probationary period is provided in the teacher tenure act and distinguished from tenure to afford a trial period during which a controlling school board may make a subjective determination whether a certain teacher satisfies that school district's particular needs and policy (MCL 38.83; MSA 15.1983).

3. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — NOTICE
— PROBATIONARY TEACHERS — DUE PROCESS.

No entitlement to tenure arises under the teacher tenure act if timely notice of unsatisfactory work is given to a probationary teacher; therefore the Due Process Clause does not require a hearing on the school board's decision that the probationary teacher's work was unsatisfactory (US Const, Am XIV; MCL 38.83; MSA 15.1983).

4. SCHOOLS AND SCHOOL DISTRICTS — STATE TENURE COMMISSION —
JURISDICTION.

If a teacher claims tenure as a result of satisfactory completion of probation, the determination of timeliness or legal effect of a

notice of unsatisfactory work is always within the jurisdiction of the State Tenure Commission (MCL 38.83; MSA 15.1983).

DISSENTING OPINION BY BLAIR MOODY, JR., J.

5. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PROBATIONARY TEACHERS — NOTICE.

*A teacher who alleges that the controlling school board failed to provide him with proper notification that his work was unsatisfactory and that his services would be discontinued at least 60 days before the close of the last school year of his probationary period achieves tenure status for the limited purpose of allowing him to appeal the school board's action to the State Tenure Commission (MCL 38.71 et seq.; MSA 15.1971 et seq.).*

6. SCHOOLS AND SCHOOL DISTRICTS — TEACHER TENURE ACT — PROBATIONARY TEACHERS — NOTICE.

*A school board must set forth in the statement delivered to a probationary teacher at the close of the school year the reasons for its determination that the probationary teacher's work is unsatisfactory (MCL 38.83; MSA 15.1983).*

*Foster, Swift, Collins & Coey, P.C. (by Lynwood E. Beekman),* for plaintiffs.

*Thrun, Maatsch & Nordberg (by Thomas J. Nordberg* and *Harry J. Zeliff)* for defendant.

Amici Curiae:

*William E. Lobenherz* for Michigan Association of School Boards.

*Levin, Levin, Garvett & Dill (by Erwin B. Ellmann)* for Michigan Education Association.

*Fieger, Golden & Cousens* for Michigan Federation of Teachers, AFL-CIO.

KAVANAGH, C.J. When this case was first submitted, we were evenly divided over the question of whether a school board's written statement that a probationary teacher's work is unsatisfactory must include reasons for that conclusion.

I wrote to answer this question affirmatively,

requiring school boards to provide reasons for their action. I was of the opinion that such a policy would prevent arbitrary and capricious school board action. Justices WILLIAMS and FITZGERALD joined in that opinion.

Justice COLEMAN, joined by Justices LEVIN and RYAN, wrote to answer the question negatively, finding that while definite written notice of satisfactory or unsatisfactory work was mandated by the teachers' tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* school boards were not required to include reasons for their conclusions.

Because of our even division we ordered the cause resubmitted and Justice MOODY has written to adopt the view expressed in my first opinion. With apology for any embarrassment my change of mind may cause, I write to say that I am now convinced that reasons need not be stated.

My confession of error should not be taken as a retreat from the position expressed in my first opinion that the tenure commission was correct in accepting jurisdiction to decide the question here involved.

# I

The act's provision, MCL 38.83; MSA 15.1983, that the board give written notice to probationary teachers of unsatisfactory work does not include a mandate that a statement of reasons accompany that notice. I find it unnecessary to read a "reason" requirement into the provision in order to effect the act's policy.

A probationary period is provided in the act and distinguished from tenure to afford a trial period during which a controlling board may make a subjective determination of whether a certain

teacher satisfies that district's particular needs and policy. We should not require that such a procedure meet an objective standard applicable to all school districts.

The absence of provision for hearing at the school board level and for review of a board's decision that a probationary teacher's work was unsatisfactory in this act, which provides such a procedure for hearing and a forum for review, the tenure commission, where the issue is the propriety of the discharge of a tenured teacher, indicates that it was not intended that a school board's determination of whether a probationary teacher has completed the period of probation satisfactorily would be subject to review by the tenure commission.

The act identifies arbitrary and capricious policies *(Munro v Elk Rapids Schools,* 383 Mich 661, 688; 178 NW2d 450 [1970], *On Rehearing,* 385 Mich 618; 189 NW2d 224 [1971])* at which it is directed. A teacher no longer can be continued in a probationary status indefinitely; after two, and sometimes three, years of employment without timely notice of unsatisfactory work, the teacher obtains tenure and cannot thereafter be discharged except for cause. Notice of non-reappointment must be given within the time stated in the act so that the teacher has adequate time to seek other employment for the next school year.

Adoption of an impermissible policy contrary to the spirit of the act (see, *e.g., Wilson v Flint Board of Education,* 361 Mich 691; 106 NW2d 136 [1960]) is not demonstrated by showing that an arguably "incorrect" determination was made in a particular case.

The tenure commission may not assay a board's reason for concluding the work unsatisfactory. The

act is followed when the notice of unsatisfactory work is timely given whether based on good, bad or unstated reasons. If timely notice of unsatisfactory work is given, no entitlement to tenure arises under the act, and therefore the Due Process Clause does not require a hearing. See *Board of Regents v Roth,* 408 US 564; 92 S Ct 2701; 33 L Ed 2d 548 (1972).

## II

For the reasons set forth in my opinion on the earlier submission, the circuit court and Court of Appeals erred in deciding that the tenure commission does not have jurisdiction to decide the question here involved. If a teacher claims tenure as a result of satisfactory completion of probation, the determination of timeliness or legal effect of a notice of unsatisfactory work is always within the jurisdiction of the tenure commission.

The board's notice in this case was effective. The teachers did not satisfactorily complete their probationary period so as to be entitled to tenure.

Accordingly, the Court of Appeals is reversed. The order of reinstatement is set aside and the matter remanded to the tenure commission with instructions to dismiss.

No costs. A public question.

Levin, Coleman, and Ryan, JJ., concurred with Kavanagh, C.J.

Blair Moody, Jr., J. *(dissenting).* We granted rehearing in these cases to reconsider the questions which previously had divided our Court. 399 Mich 704; 252 NW2d 770 (1977). In those cases, we

were presented with two questions involving the teachers' tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.:*

"(1) Whether a teacher who alleges that the controlling board failed to provide him with proper notification as to whether or not his work was unsatisfactory and that his services would be discontinued at least 60 days before the close of the last school year of his probationary period achieves tenure status for the limited purpose of allowing him to appeal the board's action to the State Tenure Commission?

"(2) Whether a controlling board must set forth the reasons why it has determined a probationary teacher's work to be unsatisfactory in the statement delivered to the probationary teacher pursuant to MCL 38.83; MSA 15.1983?" 399 Mich 706-707.

For the reasons set forth in the opinion of Chief Justice KAVANAGH heretofore filed herein (with Justices WILLIAMS and FITZGERALD concurring) and reported at 399 Mich 706-720, we would answer both questions in the affirmative.

Specifically, we would hold:

"(1) A teacher who alleges that the controlling board failed to provide him with proper notification as to whether or not his work was unsatisfactory and that his services would be discontinued at least 60 days before the close of the last school year of his probationary period, pursuant to MCL 38.83; MSA 15.1983, achieves tenure status for the limited purpose of allowing him to appeal the board's determination to the State Tenure Commission;

"(2) The controlling board must set forth the reasons why it has determined a probationary teacher's work to be unsatisfactory in the definite written statement delivered to the probationary teacher pursuant to MCL 38.83; MSA 15.1983." 399 Mich 719.

I

Chief Justice Kavanagh succinctly analyzed the reason for allowing the probationary teachers to appeal the action of the school board to the State Tenure Commission:

"Plaintiffs contend that they became tenured by operation of law due to the failure of the board to properly notify them at least 60 days before the close of the last probationary school year, and therefore were entitled to appeal the action of the board to the State Tenure Commission.

"Plaintiffs recognize that only teachers who have 'achieved tenure status may appeal any decision of a controlling board * * * to a state tenure commission'. They argue, however, that because the required notice of nonretention was ineffective (see discussion, *infra*), they could not be denied tenure, and therefore 'achieved tenure' by operation of law on the 59th day prior to the close of the last school year of their probationary period.

"Defendants, however, point to MCL 38.81; MSA 15.1981, which states that '[a]ll teachers during the first 2 years of employment shall be deemed to be in a period of probation'. Thus, as plaintiffs had not completed two years of employment, they were still probationary teachers and had not 'achieved tenure status' allowing them to appeal to the tenure commission.

"In the case at bar, the tenure commission accepted the appeal and ordered plaintiffs reinstated.

"The circuit court agreed that the tenure commission had jurisdiction, finding that

" 'since the notice was defective, it constituted no notice at all and thus the appellees acquired tenure by operation of law. * * * [W]hen the teachers received the defective notice they then acquired tenure on the 59th day before the end of the school year for this purpose. Nothing the school board could do after the 59th day before the end of the school year could remove the appellees from a tenure status that they acquired

by virtue of the defective notice and from that time on the school board had to treat them as tenured teachers. Thus being tenured teachers they were within the purview of the tenure commission and had a right to immediately petition the tenure commission for a determination.'

\* \* \*

"In *Young v Hazel Park School District,* No 64-2 (State Tenure Commission, June 23, 1965), the commission was presented with a case of alleged improper notice to a probationary teacher. The school board claimed that this teacher had no right to appeal to the tenure commission as he was still a probationary teacher.

"The tenure commission found that it had jurisdiction, stating that

" 'upon the failure of the appellee to act affirmatively, the appellant although serving under a probationary contract, became entitled to the right of appeal when the board failed to act at least 60 days before the end of the school year. His right to tenure status became fully vested as of that time and this right clearly grants to him the right of appeal. He was no longer deemed to be in a period of probation for the purpose of his appeal. \* \* \*

" 'We further believe that this determination is consistent with the general purpose of the tenure act, which is to resolve conflicts between the teacher and the board without the necessity of court action, so long as it is consistent with the general principle that the tenure commission is not assuming powers reserved to the courts under the wording of the act or its reasonable interpretation.'

\* \* \*

"The State Tenure Commission followed the rule it had established in *Young v Hazel Park School District, supra,* for eight years and accepted jurisdiction in this type of case. We believe that was the correct practice.

"We are satisfied that the State Tenure Commission is well qualified to make the primary determination as to whether or not a teacher has, in fact, 'achieved tenure status'. MCL 38.121; MSA 15.2021. Questions

concerning tenure are peculiarly within the commission's expertise.

"We agree with the commission's observation in *Young v School District of Hazel Park, supra:*

" 'We further believe that this determination is consistent with the general purpose of the tenure act, which is to resolve conflicts between the teacher and the board without the necessity of court action, so long as it is consistent with the general principle that the tenure commission is not assuming powers reserved to the courts under the wording of the act or its reasonable interpretation.'" 399 Mich 710-715.

We agree with the analysis of Chief Justice KAVANAGH, the State Tenure Commission and the Sanilac Circuit Court.

## II

The teachers' tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* provides that "[a]ll teachers during the first 2 school years of employment shall be deemed to be in a period of probation". MCL 38.81; MSA 15.1981. The statute further provides in MCL 38.83; MSA 15.1983:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a *definite* written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued." (Emphasis added.)

Chief Justice KAVANAGH correctly construed the

phrase "a *definite* written statement" as mandating that the school board give probationary teachers specific reasons why their work is unsatisfactory before denying tenure status:

"Plaintiffs received the following timely letter from the Superintendent of Schools, acting on behalf of the Board of Education:

" 'March 23, 1972

" 'The Brown City Board of Education, at its regular meeting of March 22, 1972, took action in reference to your status as a teacher in the Brown City School District. It has been recommended by your Principal and approved by the Board of Education not to rehire you for the 1972-73 school year because your work has been unsatisfactory.

" 'Your present contract expires June 13, 1972 and will not be renewed.

" 'You may request a hearing before the Board of Education regarding this matter, if you wish. Please make your request to me within 30 days of receiving this letter.

" 'Sincerely,

" 'Peter C. Muntean
" 'Superintendent.'

"Plaintiffs contend that this letter did not conform to the act's requirement of 'a definite written statement as to whether or not [the teacher's] work has been satisfactory', and, therefore, because '[f]ailure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory', they achieved the status of tenured teachers 59 days prior to the end of their second probationary year.

"It is plaintiffs' proposition that the 'definite written statement' must include the *reasons for* the board's conclusion that their work has been unsatisfactory.

"Plaintiffs invite us to give emphasis to the word 'statement' and argue that the fact that the Legislature used the word 'definite' instead of, *e.g.,* 'detailed' does

not matter, for either word merely clarifies the type of statement required.

"Defendant argues that it was not the intention of the Legislature in using the word 'definite' to require specific reasons for its conclusion that the teachers' work was unsatisfactory to be included in the written notice to the teachers. It contends that if such an intention had existed, it would have been a simple matter for the Legislature to use, *e.g.*, the word 'detailed' instead of 'definite'.

"The tenure commission ruled that this letter did not constitute a definite written statement and ordered plaintiffs reinstated. The circuit court agreed with the tenure commission, finding that 'the notice was not proper for the reason that it did not specify the reasons why the work was unsatisfactory'.

"The Court of Appeals affirmed this portion of the circuit court determination ordering plaintiffs reinstated, stating that the defendant did not challenge the conclusion that proper notice was not afforded plaintiffs.

"We agree that 'a definite written statement as to whether or not his work has been satisfactory' requires a statement of the reasons for the board's conclusion that the teachers' work was unsatisfactory.

"In *Munro v Elk Rapids Schools,* 383 Mich 661, 688, 691; 178 NW2d 450 (1970) (dissenting opinion of T. G. Kavanagh, J.), later *aff'd* in full *(On Rehearing),* 385 Mich 618; 189 NW2d 224 (1971), we stated:

" '[T]he intent of the *entire* [teachers' tenure] act was to eliminate capricious and arbitrary employment policies of local school boards. This includes the probationary as well as the tenure period of employment.' " 399 Mich 715-717.

We agree with the analysis of Chief Justice Kavanagh, the State Tenure Commission, the Sanilac Circuit Court and the Court of Appeals.

Therefore, the Court of Appeals opinion upholding the ruling of the Sanilac Circuit Court that the notice rendered was improper should be affirmed

by this Court. The ruling of the Court of Appeals that the State Tenure Commission did not have jurisdiction as to the notice issue should be reversed by this Court.

We would remand the instant cases to the State Tenure Commission for a determination of lost wages in accordance with *Shiffer v Board of Education of Gibraltar School Dist*, 393 Mich 190; 224 NW2d 255 (1974).

Additionally, due to the general uncertainty of law in this area and the specific uncertainty engendered by our first decision which had the effect of partially holding the opposite, we would give this decision *prospective* application only from the date (May 2, 1977) of our original decision in these cases regarding the notice question. As for the jurisdictional question, we would give this decision *prospective* application from the date of this opinion.[1]

No costs; a public question.

WILLIAMS and FITZGERALD, JJ., concurred with BLAIR MOODY, JR., J.

---

[1] The effect of our divided opinion in the original case was to affirm the Court of Appeals decision (1) that the State Tenure Commission did not have jurisdiction over appeal by probationary teachers asserting improper notice of their dismissal by the school board, (2) that the notice given was improper, and (3) that the circuit court should determine the teachers' lost wages.

Therefore, the board(s) had the legal obligation from the date of our first opinion to set forth in a definite statement delivered to a probationary teacher the specific reasons why the teacher's work was unsatisfactory.

However, our original opinion vested jurisdiction in the circuit courts. We would overrule that portion of the decision and prospectively vest jurisdiction in the State Tenure Commission.