AMATO v OXFORD AREA COMMUNITY SCHOOL DISTRICT NO. 7

OPINION OF THE COURT

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—PROBATIONARY TEACH-
   ERS—TENURE—NOTICE—STATUTES.
   Failure of a school board to notify a probationary teacher in
   writing at least 60 days before the close of the second proba-
   tionary year that her work is unsatisfactory entitles the
   teacher to tenure; the grant of a third year of probation,
   beyond the customary two years, is not a substitute for the
   required written notice (MCLA 38.82, 38.83; MSA 15.1982,
   15.1983).

DISSENT BY R. M. MAHER, P. J.

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—PROBATIONARY TEACH-
   ERS—TENURE—NOTICE—STATUTES.
   *A teacher obtains tenure upon satisfactory completion of the*
   *probationary period, which is usually two years, but may be*
   *extended to a third year upon notice to the tenure commission;*
   *where a teacher's probationary period has been extended from*
   *2 years to 3 years pursuant to statute at least 60 days before*
   *the close of the second school year and the teacher and the*
   *tenure commission have been notified, the failure of the school*
   *board to provide the teacher in addition with a written notice*
   *that his work has been unsatisfactory at least 60 days before*
   *the close of the second year does not mean that tenure should*
   *be granted (MCLA 38.82, 38.83, 38.91; MSA 15.1982, 15.1983,*
   *15.1991).*

Appeal from Oakland, Farrell E. Roberts, J.
Submitted April 13, 1976, at Lansing. (Docket No.
26002.) Decided July 21, 1976. Leave to appeal
applied for.

Complaint by Nancy Amato against Oxford Area

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Schools §§ 169, 187.

Community School District No. 7 and the Board of Education of the Oxford Area Schools for mandamus to establish her tenure status. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Foster, Swift & Collins, P. C.* (by *Clifford D. Weiler*), for plaintiff.

*Glime, Daoust & Wilds* (by *Raymond G. Glime* and *Denis R. LeDuc*), for defendants.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and BEASLEY, JJ.

BEASLEY, J. In this case plaintiff teacher served two years as a probationary teacher.

On March 25, 1975, nearing the end of her second year, the school board, with plaintiff present, considered a recommendation from the administrators to grant her a third year of probation.

On April 8, 1975, the school board granted plaintiff a third year of probation, as follows:

"It is hereby resolved that Nancy Amato be granted third year probation for the 1975–76 school year. Further, the Board of Education hereby authorized Clyde C. Fischer, Assistant Superintendent, to notify the Michigan Teacher Tenure Commission and the teacher accordingly. * * * Carried unanimously."

In accordance with the statute, the school board notified the state tenure commission.

On April 28, 1975, claiming defendant school district had neglected to give definite written notice as to whether or not her work had been satisfactory, plaintiff sought a writ of mandamus to establish her tenure status. She said the statute provided that failure to submit a written statement to a probationary teacher at least 60 days

before close of the school year was conclusive evidence that the teacher's work was satisfactory. The trial court agreed with plaintiff and awarded a summary judgment, the effect of which was to confer tenure upon plaintiff.

Defendant school district appealed, asserting that to require a school board to give written notice to a probationary teacher that her work was unsatisfactory as a condition precedent to a third year probation is an unreasonable and unwise construction of the statute.

The issue here is entirely one of statutory construction.

The relevant portions of the statute provide as follows:

"Section 2. No teacher shall be required to serve more than one probationary period in any one school district or institution: Provided, That a third year of probation may be granted by the controlling board upon notice to the tenure commission." [1]

"Section 3. At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued." [2]

These sections must be considered together. Grant of a third year's probation is not a substitute for the written notice provided in § 3. If the school board desired to grant a third year of

---

[1] MCLA 38.82; MSA 15.1982.
[2] MCLA 38.83; MSA 15.1983.

probation, the statute required written notice to plaintiff that her work had not been satisfactory; otherwise, she was entitled to tenure.

In this case no such written notice was given plaintiff. Consequently, she became entitled to tenure.

The practice of having an administrator advise the teacher in private conference as to whether her work is satisfactory may be a wiser policy, but that is a question for the Legislature rather than this Court. In this case, the trial judge has indicated he believes the defendant "chose not to hurt the feelings of the Plaintiff". While this may have been commendable, it was not in compliance with the statute.

This opinion does not decide whether or not a school district and a teacher's union may resolve this question in a collective bargaining agreement in a manner contrary to this interpretation of the statute, as that question was not here raised.

Affirmed. No costs since this is a public question of first impression.

M. F. Cavanagh, J., concurred.

R. M. Maher, J. *(dissenting)*. I must dissent.

The majority has failed to quote and to consider a crucial section of the teacher's tenure act. Article III of the act deals with "continuing tenure". Section 1 of article III, MCLA 38.91; MSA 15.1991, begins:

"After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act."

Tenure comes upon satisfactory completion of the probationary period. *Munro v Elk Rapids Schools,* 383 Mich 661, 688; 178 NW2d 450 (1970) (dissenting opinion adopted on rehearing, 385 Mich 618; 189 NW2d 224 [1971]). Although the probationary period is usually two years, "a third year of probation *may be granted* by the controlling board upon notice to the tenure commission". MCLA 38.82; MSA 15.1982. As authorized by statute, defendant board extended plaintiff's probationary period. The board timely[1] notified the tenure commission and plaintiff of its decision to extend her probationary period.

Since the prerequisite for tenure is satisfactory completion of the probationary period, and plaintiff's probationary period was legitimately extended to three years, she was not entitled to tenure after completion of two years as a teacher.

Plaintiff's position, accepted by the majority, would require the board to notify a teacher that his or her work has been unsatisfactory and that he or she will be allowed to teach another year. I do not think the statute requires this. "[T]he third year is for the benefit of the teacher, who may not have satisfied the board fully but who may have shown promise nonetheless." *Wilson v Flint Board of Education,* 361 Mich 691, 695; 106 NW2d 136 (1960). Obviously, the board saw enough promise to rehire plaintiff.

When a teacher's probationary period has been extended at least 60 days before the close of the school year, lack of the written statement to a

---

[1] Should the board decide to extend the probationary period, the board should notify the tenure commission and the teacher of its decision at least 60 days before the end of the school year. Otherwise, a probationary teacher might be misled into believing that tenure had been obtained by satisfactory completion of the normal two-year probationary period.

teacher about his work does not mean that tenure should be granted. Even though "[f]ailure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory", MCLA 38.83; MSA 15.1983, tenure comes with satisfactory completion of the probation period.