SLOCUM v LITTLEFIELD PUBLIC SCHOOLS BOARD OF
EDUCATION

Docket No. 61537. Submitted December 15, 1982, at Lansing.—Decided July 11, 1983. Leave to appeal denied, 418 Mich 915.

Petitioner, Barbara Slocum, was employed as a probationary teacher by respondent, Board of Education of Littlefield Public Schools. At the end of her second school year of employment, the petitioner was notified that, due to her unsatisfactory performance, she would not be rehired for the following year. Petitioner thereafter filed a grievance pursuant to the parties' collective-bargaining agreement. The arbitrator ruled in petitioner's favor and offered her three award options. Petitioner chose an award which provided reinstatement with back pay for a probationary period from January, 1974, to June, 1974. As that period of employment drew to a close, the respondent notified the petitioner that she would not be rehired. The petitioner then sought a review of the respondent's decision before the State Tenure Commission contending that she gained tenure by operation of law when she was reinstated pursuant to the arbitrator's award. Respondent then moved to dismiss the petition and petitioner moved for a summary judgment. The commission granted the petitioner's motion in a decision and order holding that, since the respondent had not notified the commission of petitioner's third-year probationary status as required by the teachers' tenure act, petitioner had acquired tenure and should be reinstated with back pay. The commission thereafter found a letter in its files, which had been misfiled, which was sent by respondent's attorney on February 6, 1974, notifying the commission that petitioner was to be placed on third-year probationary status. The commission then ordered a rehearing to determine whether it had received proper notification. The petitioner's motion to amend her peti-

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools § 37.
[2] 61A Am Jur 2d, Pleading §§ 308, 312.
[3-5] 68 Am Jur 2d, Schools § 152.
[6] 7 Am Jur 2d, Attorneys at Law §§ 119, 129.
[7] 68 Am Jur 2d, Schools § 17.

tion to allege that the attorney's letter did not provide adequate notice was then granted. Both parties moved for summary judgment. On October 2, 1981, the commission, with two members dissenting, reversed its earlier decision. Ms. Slocum then petitioned for review in the Ingham Circuit Court. That court reversed the October 2, 1981, decision and adopted the position of the dissenting commission members that the notice was inadequate, Ray C. Hotchkiss, J. Respondent appeals. *Held:*

1. The commission had jurisdiction under MCL 38.121 over the petition alleging that petitioner's reinstatement pursuant to the arbitrator's award entitled her to tenure by operation of law.

2. The petitioner did not ask the commission to interfere with the arbitrator's award but, instead, argued regarding its effect.

3. The commission did not err in granting the petitioner's motion to amend her petition to include the claim that the letter sent by respondent's attorney was defective notice. The amendment did not raise a new cause of action or exceed the scope of the order of rehearing.

4. The February 6, 1974, letter sent to the commission by respondent's attorney complied with the notice provision of the teachers' tenure act. The trial court erred in holding otherwise.

Reversed and remanded.

1. ADMINISTRATIVE LAW — STATE TENURE COMMISSION — JURISDIC-
    TION — SCHOOLS AND SCHOOL DISTRICTS.
    The State Tenure Commission has jurisdiction, pursuant to the
    statute regarding appeals from a decision of a board of educa-
    tion by a teacher who has achieved tenure status, over a
    teacher's petition alleging that his reinstatement in accordance
    with an arbitrator's award entitled him to tenure by operation
    of law (MCL 38.121; MSA 15.2021).

2. PLEADING — AMENDMENT — BAD FAITH.
    The risk of substantial prejudice resulting from the amendment
    of a pleading generally increases with the passage of time,
    however, in the absence of a showing of either bad faith or
    actual prejudice, mere delay does not warrant denial of a
    motion to amend.

3. SCHOOLS AND SCHOOL DISTRICTS — TEACHERS' TENURE ACT —
    PROBATIONARY TEACHERS — NOTICE.
    A teacher who completes his initial two-year probationary period
    is entitled to tenure, however, the teachers' tenure act autho-

rizes a school board to grant a teacher a third year of probation provided that the board notifies the State Tenure Commission of such action (MCL 38.82; MSA 15.1982).

4. SCHOOLS AND SCHOOL DISTRICTS — TEACHERS' TENURE ACT — PROBATIONARY TEACHERS — NOTICE.

The teachers' tenure act provides that notice is to be given to a probationary teacher whose work is deemed unsatisfactory and whose services are to be discontinued; the act does not provide that the teacher be notified that the school board has decided to extend his probationary period to a third year (MCL 38.82, 38.83; MSA 15.1982, 15.1983).

5. SCHOOLS AND SCHOOL DISTRICTS — SCHOOL BOARDS — PROBATIONARY TEACHERS — NOTICE — FORMAL ACTION — ARBITRATION.

A school board, in general, must formally act in order to place a teacher on third-year probationary status, however, the board is not required to take such formal action where the board has agreed to binding arbitration to decide the fate of a probationary teacher and, pursuant to the arbitrator's award, the probationary teacher chooses to continue employment as a third-year probationary teacher.

6. ATTORNEY AND CLIENT — PRINCIPAL AND AGENT.

An attorney may act as an agent for his client and his authority is not limited by what his client has expressly authorized him to do since agents have the implied power to carry out all acts necessary in executing the principal's expressly conferred authority; whether a specific act is within the authority granted depends upon the act's usual or necessary connection to accomplishing the purpose of the agency.

7. SCHOOLS AND SCHOOL DISTRICTS — EMPLOYMENT OF ATTORNEYS.

A school board is authorized to employ an attorney to represent the school district or board in actions brought for or against the district and to render other legal services for the welfare of the school district (MCL 380.1253; MSA 15.41253).

*Foster, Swift, Collins & Coey, P.C.* (by *Lynwood E. Beekman),* for petitioner.

*Thrun, Maatsch & Nordberg, P.C.* (by *Donald J. Bonato),* for respondent.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and P. J. MARUTIAK,* JJ.

PER CURIAM. Petitioner was employed as a probationary teacher by respondent board of education during the 1971-1972 and 1972-1973 school years. At the end of the second year, respondent notified petitioner that, due to her unsatisfactory performance, she would not be rehired for the following year. The petitioner then filed a grievance pursuant to the parties' collective-bargaining agreement. The arbitrator ruled in favor of the petitioner and offered her three options: (1) reinstatement with back pay for a probationary period from January, 1974, to June, 1974; (2) reinstatement without back pay for a probationary period from January, 1974, to January, 1975; (3) reinstatement without back pay as a third-year probationary teacher for the entire 1974-1975 school year. The petitioner selected the first option.

As the 1973-1974 school year drew to a close, the respondent notified petitioner that she would not be rehired. Subsequently, she petitioned the State Tenure Commission for a review of respondent's decision. The petitioner amended her petition on May 14, 1975, to include additional claims but eventually withdrew all claims except the contention that she gained tenure by operation of law when she was reinstated pursuant to the arbitrator's award. On May 30, 1975, respondent moved to dismiss the petition. Petitioner countered with a motion for summary judgment. In her motion, petitioner asked the commission to take judicial notice of the fact that respondent failed to provide the commission with notice of petitioner's third-year probationary status as required by the teach-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ers' tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.*

The commission granted the petitioner's motion for summary judgment. Because the respondent had not notified the commission of the petitioner's third-year probationary status, the commission ruled, petitioner had acquired tenure and should be reinstated with back pay.

Thereafter, a commission staff member discovered a February 6, 1974, letter sent by the respondent's attorney notifying the commission that petitioner was to be placed on third-year probationary status. Apparently, the letter had been misfiled. Consequently, the commission ordered a rehearing to determine whether it had received proper notification of petitioner's probationary status. The petitioner moved to amend her petition to allege that the respondent's letter did not provide adequate notice. The commission granted the motion over the respondent's objection. Eventually both parties moved for summary judgment. On March 27, 1981, the commission, with two members dissenting, reversed its earlier decision. The dissenters agreed with petitioner that the notice was inadequate.

She then petitioned for review in circuit court. On October 2, 1981, the court reversed the commission, adopting the position of the dissenting members of the commission. Respondent now appeals from the court's order reversing the commission's March 27, 1981, decision.

Respondent raises three issues on appeal. Because of our disposition of this case we need to address only the following two questions:

(1) Did the commission have jurisdiction over the petition to review respondent's decision to terminate petitioner's employment after the 1973-1974 school year?

(2) Did the respondent provide the commission with proper notice of the petitioner's status as a third-year probationary teacher?

I

Respondent argues on three fronts that the commission did not have jurisdiction over the petition.

First, the respondent maintains that the commission did not have the authority to consider the petitioner's original petition under MCL 38.121; MSA 15.2021. That provision delimits the scope of the commission's jurisdiction over a teacher's appeal from a decision of a board of education:

"A teacher who has achieved tenure status may appeal any decision of a controlling board under this act within 30 days from the date of such decision, to a state tenure commission."

Because the petitioner had not "achieved tenure status" when she petitioned the commission, respondent argues, the commission had no jurisdiction to consider her appeal.

In *Lipka v Brown City Community Schools,* 399 Mich 704, 706-707; 252 NW2d 770 (1977), the Supreme Court, construing the above provision, held that

"a teacher who alleges that the controlling board failed to provide him with proper notification as to whether or not his work was unsatisfactory and that his services would be discontinued at least 60 days before the close of the last school year of his probationary period achieves tenure status for the limited purpose of allowing him to appeal the board's action to the State Tenure Commission."

The petitioners there contended that they became

tenured by operation of law when the board failed to notify them properly of their unsatisfactory work pursuant to MCL 38.83; MSA 15.1983. In holding that the petitioners could appeal the board's decision to the commission, the Court reasoned:

"We are satisfied that the State Tenure Commission is well qualified to make the primary determination as to whether or not a teacher has, in fact, 'achieved tenure status'. MCL 38.121; MSA 15.2021. Questions concerning tenure are peculiarly within the commission's expertise.

"We agree with the commission's observation in *Young v Hazel Park School Dist* [No. 64-2, State Tenure Comm, June 23, 1965]:

" 'We further believe that this determination is consistent with the general purpose of the tenure act, which is to resolve conflicts between the teacher and the board without the necessity of court action, so long as it is consistent with the general principle that the tenure commission is not assuming powers reserved to the courts under the wording of the act or its reasonable interpretation.' " *Lipka, supra,* pp 714-715.

In the present case, the petitioner originally maintained that she was entitled to tenure by operation of law when she was reinstated pursuant to the arbitrator's award. We see no significant difference between this claim and the claim raised by the petitioners in *Lipka, supra*. Both present "questions concerning tenure" and both call upon the commission to "resolve conflicts between the teacher and the board". Consequently, we hold that under MCL 38.121; MSA 15.2021 the State Tenure Commission had jurisdiction over the petition alleging that petitioner's reinstatement pursuant to the arbitrator's award entitled her to tenure by operation of law.

Second, respondent argues that the petition was, in effect, an attempt to vacate the arbitrator's award and that the commission had no authority to disturb the arbitrator's award. The petitioner, however, did not ask the commission to interfere with the award. Instead, she argued that the award's *effect* was to entitle her to tenure. Thus, we reject respondent's argument.

Finally, the respondent urges that, after ordering the rehearing, the commission erred in granting the petitioner's motion to amend her petition to include the claim that the letter sent by respondent's attorney was defective notice. We agree with the commission's disposition of this issue:

"We turn now to appellee's [respondent's] objections to allowing the amendment. First, appellee contends that amendment raises a new cause of action because the theory, the issues, and the evidence differ. Further, that the amendment, as a new cause of action, is barred because the appeal period under the tenure act has expired. If appellant had raised the notice question for the first time on rehearing we would certainly agree. But our review of the history of this cause indicates that this is not the case. Rather, we view the proposed amendment as a clarification of a matter originally pleaded, albeit obliquely. In addition, the need for clarification was occasioned by the discovery of the existence of material which was beyond appellant's, but not appellee's control. Clearly, appellant's amendment was necessitated by a crucial change of the facts—the discovery of the letter purportedly giving notice of the third year of probation. Seen in this light, the situation here is similar to that in *Grove v Story Oldsmobile, Inc,* 31 Mich App 613; 187 NW2d 923 (1971). There, the plaintiff was permitted to amend the complaint to allege a different factual basis for the cause of action. In *McLeod v Savoy Hotel Co,* 267 Mich 352; 255 NW 308 (1934), the Supreme Court found that allowing the plaintiff's amendment four years after the cause of

action arose was proper. There, the plaintiff's action was amended to assert a right of recovery because the defendant's actions were allegedly in violation of a city ordinance. As in *McLeod,* the amendment here would serve to clarify appellant's claims—particularly in light of the recently discovered letter. Second, although appellee claims prejudice generally, we are not directed to any claims of surprise, loss of evidentiary material, or exposure to unnecessary expense.

"'While "[a]s a general rule, the risk of substantial prejudice increases with the passage of time," in the absence of a showing of either bad faith or actual prejudice, mere delay does not warrant denial of a motion to amend. "All amendments have this in common: they are offered *later in time* than the pleading they seek to amend." James, Civil Procedure, § 5.2, p 158. (Emphasis by the author).' *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 663-664; 213 NW2d 134 (1973). [Footnotes omitted.] Thus, given the procedural posture of this case, we are constrained to conclude that neither the 'delay' in offering the amendment nor the notion that appellant has raised an entirely new claim justifies denying appellant's motion.

\* \* \*

"Appellee's final objection to the proposed amendment is that it expands the scope of the rehearing. In view of the progress of this cause, and in light of our order of rehearing, we cannot agree. Our order of rehearing stated:

"'It is ordered that rehearing be conducted in this matter with respect to the question of proper notification of appellant's third year probationary status.

"'It is further ordered that the parties in this matter be permitted to offer additional evidence and argument relevant to this question.'

"We do not believe that appellant's proposed amendment exceeds the terms of that order. Therefore, after carefully considering the various objections to the amendment as well as the unusual circumstances present here which prompted appellant's motion, we conclude that justice requires that the amended petition be allowed."

## II

Respondent next argues that the trial court erred in ruing that the February 6, 1974, letter sent to the commission by respondent's attorney provided inadequate notice. The teachers' tenure act authorizes a school board to grant a teacher a third year of probation provided that the school board notifies the commission of this action:

"No teacher shall be required to serve more than one probationary period in any one school district or institution: Provided, *That a third year of probation may be granted by the controlling board upon notice to the tenure commission.*" (Emphasis added.) MCL 38.82; MSA 15.1982.

Absent such notice, the commission has held, a teacher who completes the initial two-year porobationary period is entitled to tenure. *Zielinski v Saranac Community Schools* (No. 71-14, State Tenure Comm, December 2, 1971); *Gross and Heck v Woodhaven Public School Dist,* (Nos. 71-15, 71-16, State Tenure Comm, December 2, 1971).

Petitioner offers three reasons in support of her position that the letter was not adequate notice. First, she argues that the teachers' tenure act requires the board to notify the teacher as well as the commission that the teacher is to be given third-year probationary status. The board did not provide such notice to petitioner.

The act, however, does not provide that the teacher must be notified of the board's decision to extend her probationary period. Provision is made for notifying a probationary teacher that her work is unsatisfactory:

"At least 60 days before the close of each school year

the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. *Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."* (Emphasis added.) MCL 38.83; MSA 15.1983.

This requirement, though, applies only to a probationary teacher whose services are being *discontinued.* See *Amato v Oxford Area Community School Dist No 7,* 402 Mich 521, 528-530; 266 NW2d 445 (1978). Thus, petitioner, whose services were being extended, was not entitled to this notification.

Second, petitioner argues that the letter provided defective notice because it was not issued pursuant to formal board action granting her a third year of probation. As a general rule, a school board must formally act in order to place a teacher on third-year probationary status. The purpose of the rule is to ensure that the board, and not administrative personnel, decides whether or not a teacher warrants a third year of probation. *Cf. Fucinari v Dearborn Bd of Ed,* 32 Mich App 108; 188 NW2d 229 (1971). The rule, however, cannot serve its purpose when a school board has agreed to let an arbitrator decide the fate of a probationary teacher. When a board enters into such binding arbitration it relinquishes its power to make the final decision on the future of the probationary teacher's employment. The board's formal action granting to the teacher what the arbitrator has awarded gives merely the appearance that it is the board that is making this decision. As such, this action is little more than a hollow ceremony.

In the present case, the board entered into binding arbitration. Pursuant to the arbitrator's award, the petitioner chose to continue as a third-year probationary teacher. Because the board was obliged to comply with this choice, we hold that it was not required to take formal action granting the petitioner a third year of probation. Therefore, the letter notifying the commission of the petitioner's extended probation was not defective even though it was not issued pursuant to such action.

Finally, petitioner argues that the respondent did not authorize its attorney to send the letter notifying the commission of her extended probation and that the notice is, therefore, invalid. An attorney often acts as an agent for his client. *Fletcher v Fractional No 5 School Dist,* 323 Mich 343, 348; 35 NW2d 177 (1948). An agent's authority, however, is not limited by what he is authorized to do expressly by his principal:

"Agents have the implied power to carry out all acts necessary in executing [the principal's] expressly conferred authority. * * * Whether the act in question is within the authority granted depends upon the act's usual or necessary connection to accomplishing the purpose of the agency." *Smith, Hinchman & Grylls Associates, Inc v Riverview,* 55 Mich App 703, 706; 223 NW2d 314 (1974), *lv den* 393 Mich 804 (1975). (Citations omitted.)

The purposes for which a school board may employ an attorney are set forth by statute. A school board is authorized to

"employ an attorney to represent the school district or board in actions brought for or against the district and to render other legal service for the welfare of the school district." MCL 380.1253; MSA 15.41253.

The attorney's action in this case was necessary to promote the interests of the school board in its controversy with petitioner. The board, which sought to discharge the petitioner after two years of probation, clearly did not wish her to secure a tenured status. The board could avoid this result only by notifying the commission of the extension of the petitioner's probation. Thus, by providing such notice, respondent's attorney did what was necessary to carry out the purpose of his agency. We conclude that the respondent's attorney had the implied power to so notify the commission.

We hold that the February 6, 1974, letter sent to the commission by respondent's attorney complied with the notice provision of MCL 38.82; MSA 15.1982. The trial court erred in holding otherwise.

Reversed and remanded for proceedings consistent with this opinion. No costs, neither party having prevailed in full.